DEBORAH M. SMITH
Acting United States Attorney

J. Thomas Bartleson
Special Assistant U.S. Attorney
101 12th Avenue
Box 2, Room 310
Fairbanks, Alaska 99701
Telephone: (907)353-6554/6500
Fax:(907)353-6501

Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JUSTIN DOUGLAS BROWN,<br><br>　　Defendant. | No. F06-0002 CR (TWH)<br><br>PLEA AGREEMENT |

Pursuant to Rule 11(e)(1)(A) and (B), Federal Rules of Criminal Procedure, this memorandum confirms the complete plea agreement between the United States and JUSTIN DOUGLAS BROWN. No other agreement, understanding, or promise exists between these parties.

I. TERMS

The parties agree that under Criminal Rule 11(c)(1)(c) the defendant pleads guilty to Count I and Count III of a four count information charging him with Unlawful entry onto military property in violation of 18 U.S.C. 1382, Injury to government property, in violation of 18 U.S.C. 1361, and two counts of Penalty for simple

possession in violation of 21 U.S.C. 844. The maximum punishment for Count I, a Class B misdemeanor, is 6 months imprisonment, a $5,000.00 fine, and a $10 special assessment, the maximum punishment for Count II, a Class A misdemeanor, is 1 year imprisonment, a $100,000.00 fine, and a $25 special assessment, and the maximum punishment for Counts III and IV, Class A misdemeanors, is 1 year imprisonment, a $1,000.00 fine, and a $25 special assessment.

## II. PARTIES' OBLIGATIONS

### A. Defendant's Obligation

The defendant agrees to plead guilty to two counts from a four count Information charging him with: COUNT I -Unlawful entry onto military property, in violation of 18 U.S.C. § 1382, and COUNT III- Penalty for simple possession, in violation of 18 U.S.C. § 844. See 18 U.S.C. § 7, and Alaska Stat. § 28.35.040(b).

The defendant has read and fully understands the nature and elements of the crimes charged in the Information, and the terms and conditions of this plea agreement, and will advocate the disposition agreed to herein. The defendant withdraws all previous pleas to enter a plea of guilty to the charges of Unlawful entry onto military property and Penalty for simple possession.

The defendant understands this agreement binds only the undersigned parties and no other Federal, state, or local authority. The defendant acknowledges no promises have been made regarding any civil or administrative or immigration consequences resulting from this plea of guilty.

**B. United States' Obligation**

In exchange, the government agrees to advocate the agreed upon sentence for Count I - Unlawful entry onto military property, in violation of 18 U.S.C. § 1382, and Count III- Penalty for simple possession, in violation of 18 U.S.C. § 844.

**C. Compliance with Sentencing Guidelines**

The United States asserts that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense. No guideline calculation is set forth in Section VI of this agreement for Charge I because the Guidelines do not apply to this offense. A guideline calculation is set forth in Section VI of this agreement for Charge III.

### III. ELEMENTS

The United States must prove each of the following elements beyond a reasonable doubt for Count I: 1. The defendant reentered or was found within Ft. Wainwright, Alaska, a military post within the jurisdiction of the United States; 2. The defendant had previously been ordered not to reenter Ft. Wainwright, Alaska by an officer in command or charge thereof.

The United States must prove each of the following element beyond a reasonable doubt for Count III: 1. The defendant knowingly or intentionally possessed a controlled substance- to wit, marihuana, a Schedule I controlled substance.

### IV. FACTS

Both parties agree that the factual basis for the offenses is as follows. Defendant, then using the name Justin Walker, was ordered

not to enter the boundaries of Fort Wainwright, Alaska effective August 31, 2005 by Lieutenant Colonel Ronald M. Johnson, the Fort Wainwright Garrison Commander. Defendant was found in government quarters at 931 Layette Court, Fort Wainwright, Alaska, on October 3rd, 2005. When defendant was interviewed he admitted to knowingly possessing marihuana, a Schedule I controlled substance, on Fort Wainwright on September 26, 2005. Controlled substances and drug paraphernalia were discovered in the quarters at 931 Layette Court and next door at 933 Layette Court at defendant's sister's residence.

## V. PENALTIES

The maximum punishment for Count I, a Class B misdemeanor, is 6 months imprisonment, a $5,000.00 fine, and a $10 special assessment, and the maximum punishment for Count III, a Class A misdemeanor, is 1 year imprisonment, a $1,000.00 fine, and a $25 special assessment.

## VI. SENTENCING GUIDELINES

A. The defendant understands that the court considers all applicable guidelines although it may depart from them and will treat them as advisory. The parties have an agreement as to sentence in this case. Any discussions between the undersigned regarding application of the guidelines do not bind the court. The defendant acknowledges discussing the guidelines with the defendant's attorney, and understands that they are not applicable to Charge I in this case. USSG §2D2.1 applies to 21 U.S.C. § 844 and gives a base offense level of 4. Defendant's acceptance of responsibility under USSG §3E1.1 decreases the offense level to 2. Defendant has a criminal history level of 4. The analogous range of imprisonment is from 0-6 months.

B. No fine will be imposed if the court determines the defendant unable to pay it.

C. Pursuant to 18 U.S.C. § 3013, a special assessment of $25 per Class A misdemeanor count and a special assessment of $10 per Class B misdemeanor count must be imposed by the court. The defendant agrees to pay these special assessments on or before the day of the sentencing by cash, cashier's check, or US Postal Money Order to the Clerk of the Court.

D. The United States reserves its appeal rights provided in the Sentencing Reform Act of 1984.

### VII.  SENTENCE RECOMMENDATION

Pursuant to 18 U.S.C. § 3553(b), both parties agree an appropriate sentence in this case is:

1) That defendant serve five (5) days confinement, and

2) That defendant pay a $25 special assessment for Count III and a $10 special assessment for Count I.

Both parties agree that the sentence reflects the seriousness of the offense, will promote respect for the law, and will provide a just punishment.

### VIII.  WAIVER OF RIGHTS AND CONSEQUENCES OF PLEA

I, JUSTIN DOUGLAS BROWN, being of sound mind and under no compulsion, threat, or promises, except as previously stated, acknowledge that I have read this plea agreement, that I understand its terms and conditions, and that the matters set forth herein, including the facts that support my guilty plea, are true and correct.

A. I wish to enter a plea of guilty to Count I of the Information charging me with Unlawful entry onto military property and Count III of the Information charging me with Penalty for simple possession, because I am guilty. I understand the nature and elements of the crimes to which I am pleading guilty. I understand that by pleading guilty I am admitting that the allegations against me in the Counts to which I am pleading are true.

B. I acknowledge that I have been advised and understand that by entering a plea of guilty I am waiving, that is giving up, certain rights guaranteed to me. Specifically, by pleading guilty I knowingly and voluntarily give up the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to a speedy and public trial by a jury both as to guilt or innocence and as to the forfeiture of any money or property;
- The right to object to the composition of the petit jury;
- The right to be presumed innocent and not to suffer any criminal penalty or criminal forfeiture unless and until my guilt is established beyond a reasonable doubt;
- The right to confront and cross-examine witnesses against me, and the right to subpoena witnesses to appear on my behalf;
- The right to remain silent at trial, with such silence not to be used against me, and the right to testify on my own behalf;
- The right to contest the validity of search warrants executed on my property or person;

- The right to appeal or contest, directly or collaterally my conviction, any criminal forfeiture, or any sentence on any ground unless the court imposes a sentence in excess of the statutory maximum or a sentence that is contrary to the sentencing guidelines or a sentence that violates this plea agreement.

C.  I understand if I were convicted after a trial, I could appeal the conviction; but that pleading guilty, I give up the right to appeal my conviction.

D.  I understand the court may ask me questions about the offenses to which I plead guilty. If I answer falsely under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or making a false statement.

E.  I understand it is my attorney's duty to examine the facts of the case and advise me as to what plea I should enter. I also understand that it is my attorney's duty to abide my wishes. If my attorney refused to do so, I would inform the judge immediately.

F.  I understand anything I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

G.  I am completely satisfied with the representation and advice that I have received from my attorney in this case.

_____
JUSTIN DOUGLAS BROWN,
Defendant

As Counsel for the defendant, I have discussed with her the terms of this plea agreement, have fully explained the charge to which she is pleading guilty and the necessary elements, all possible defenses, and the consequences of her plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question her competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

*MJ Haden*
Attorney for Defendant

On behalf of the United States, the following accepts the offer of JUSTIN DOUGLAS BROWN to plead guilty under the terms of this plea agreement.

DATED this 18 day of May, 2006.

Respectfully submitted,
DEBORAH M. SMITH
Acting United States Attorney

*Eve Zamora for*
J. THOMAS BARTLESON
Special Assistant U.S Attorney

**CERTIFICATE OF SERVICE**

I certify that on _____ \_\_\_, 2006 a copy of this PLEA AGREEMENT was electronically served upon:

> MJ Haden, Esq.
> Federal Public Defender
> 550 W. Seventh Ave., Suite 1600
> Anchorage, AK  99501
> (907) 271-2277
> FAX  (907) 271-2271

/s/ J. Thomas Bartleson //